IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN ALLEN SAYLER<br><br>Defendant. | CR 23-31-BLG-SPW<br><br>ORDER |

Before the Court is Nathan Allen Sayler's Motion in Limine. (Doc. 29). For the following reasons, the Court grants in part, denies in part, and reserves judgment in part. An order explaining the merits will be filed separately.

Sayler first moves to exclude his statements to an undercover officer in which he solicited sexually explicit photos of children (the conduct underlying his November 2016 conviction).[1] (Doc. 30 at 2). The Court denies the motion.

---

1. Sayler moved to exclude statements made on January 24, 2014. (Doc. 30 at 2). The Government provided the statements that led to Sayler's 2016 conviction, which he made on December 4, 2012; March 26, 2013; and December 19, 2013. (Doc. 37-1). The Government seems to acknowledge the discrepancy in its brief. (Doc. 37 at 2 n.1). On reply, Sayler does not address the discrepancy. The Court construes Sayler's motion to exclude his January 24, 2014, statements as a motion to exclude the 2012 and 2013 statements underlying his conviction.

Next, Sayler moves to exclude his November 2, 2016, state conviction for Sexual Abuse of Children,[2] in which he solicited sexually explicit photographs of a child, for use as direct evidence. (*Id.*). The Court denies the motion.

Sayler then moves to exclude his August 25, 2017, revocation and his Montana State probation officer's 2021 report of the revocation. (*Id.*). The Court grants the motion as to its use as direct evidence and reserves judgment as to its use as impeachment evidence.

Sayler also moves to exclude statements made to his Montana State probation officer in 2018.[3] (*Id.* at 3). The Court denies the motion.

Additionally, Sayler moves to exclude the recording of his October 2018 parole hearing. (*Id.*). The Court grants the motion as to its use as direct evidence and reserves judgment as to its use as impeachment evidence.

Sayler then moves to exclude letters he sent to Mindy Holland on May 4, 2022, and May 13, 2022. (*Id.*). The Court reserves judgment on the motion and orders the Government to file under seal a copy of both letters for *in camera* review.

---

2. Sayler moved to exclude a state conviction for Sexual Abuse of a Minor, but his conviction was under Mont. Code Ann. § 45-5-625(1)(d), Sexual Abuse of Children. (*See* Doc. 37-1 at 4).
3. Sayler originally moved to exclude a recorded statement made to his state probation officer on October 9, 2018. (Doc. 30 at 3). The evidence noticed by the Government is a statement made to Sayler's probation officer on October 2, 2018. (Doc. 37 at 2–3). In his reply, Sayler seems to agree that he is challenging the introduction of statements the Government references. (Doc. 41 at 3).

Finally, Sayler moves to exclude an interview of Jane Doe 1 given February 9, 2023, and an interview of Jane Doe 2 given February 3, 2023. (*Id.*). The Government's noticed evidence includes the testimonies of Jane Doe 1 and 2. (Doc. 37 at 3). In his reply, Sayler challenges the anticipated testimonies of Jane Doe 1 and 2. (Doc. 41 at 4). The Court denies the motion.

Accordingly, IT IS SO ORDERED that Sayler's Motion in Limine (Doc. 29) is GRANTED as to Sayler's August 2017 revocation, the Montana State probation officer's 2021 report of his revocation, and the recording of his 2018 parole hearing for direct purposes; and DENIED as to Sayler's 2016 conviction and underlying conduct, his 2018 statements to his Montana State probation officer, and the testimonies of Jane Does 1 and 2 being used for direct purposes. IT IS FURTHER ORDERED:

1. Within 7 days of the date of this Order, the Government is directed to file under seal copies of the letters from Sayler to Mindy Holland dated May 4, 2022, and May 13, 2022.

2. The Court RESERVES ruling on the admissibility of his August 2017 revocation, the Montana State probation officer's 2021 report of Sayler's revocation, the recording of his October 2018 parole hearing, and letters sent to Mindy Holland in 2022 for impeachment purposes.

DATED this _19th_ day of December, 2023.

SUSAN P. WATTERS
United States District Judge